Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination



# UNITED STATES DISTRICT COURT

for the *Eastern*



District of  *Virginia   Richmond*

Division

|  |  |
|---|---|
| Sade Hood | Case No.   *3:22cv599* |
| **Plaintiff(s)** | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*   (Yes)   No |
| -v- | |
| Wawa Inc | |
| **Defendant(s)** | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

Amended *SH*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name  Sade Hood
Street Address  2732 Park Ave 3
City and County  Petersburg VA
State and Zip Code  VA 23805
Telephone Number  (407) 747-5772
E-mail Address  hood sade 477@ yahoo. com

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name                                WaWa  Inc

Job or Title (if known)    ~~Failured Host~~

Street Address                 3199  S  Crater  Rd.

City and County               Petersburg

State and Zip Code           VA  23 805

Telephone Number           (804)  862-3551

E-mail Address (if known)

Defendant No. 2

Name

Job or Title (if known)

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address (if known)

Defendant No. 3

Name

Job or Title (if known)

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address (if known)

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**C.**    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

    Name       Wawa INC

    Street Address    3199 S. Crater Rd

    City and County    Petersburg

    State and Zip Code    VA 23805

    Telephone Number    (804) 862-3551

**II.**    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

    ✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race,

    color, gender, religion, national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)

Other federal law (specify the federal law):

Relevant state law (specify, if known):

Relevant city or county law (specify, if known):

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes (check all that apply):

Failure to hire me.

√ Termination of my employment.

Failure to promote me.

Failure to accommodate my disability.

√ Unequal terms and conditions of my employment.

√ Retaliation.

Other acts (specify):

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

July 2021 - Oct 2021

C.   I believe that defendant(s) (check one):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

is/are still committing these acts against me.

✓ is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

race

color

✓ gender/sex        Pregnancy (high-risk)

religion

national origin

age *(year of birth)*                    *(only when asserting a claim of age discrimination.)*

disability or perceived disability *(specify disability)*

E.  The facts of my case are as follows.  Attach additional pages if needed.

See attached EEOC charge

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

04/18/2022

B.  The Equal Employment Opportunity Commission *(check one)*:

has not issued a Notice of Right to Sue letter.

✓ issued a Notice of Right to Sue letter, which I received on *(date)*   6/09/2022

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

_(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)_

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct _(check one)_:

60 days or more have elapsed.

less than 60 days have elapsed.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

entry of judgement in favor of plantiff on all counts; Award of back pay; Award of nominal and compensatory damages; Award of punitive damages; Award of reasonable attorney fees and litigation cost & expenses; Award of pre- and post-judgement interest; any other relief this court deems equitable, appropriate and just.

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     9/6/2022

Signature of Plaintiff     _Sade Hood_          _Sade Hood_
                                                  11/9/22

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Printed Name of Plaintiff   *Jade Hood*

**B.**     **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
(757) 600-4720
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/09/2022

**To:** Sade Hood
2732 Pane Avenue #3
Petersburg, VA 23805
Charge No: 437-2022-00827

EEOC Representative and email:     Alexander Perez
Investigator
alexander.perez@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 437-2022-00827.

On behalf of the Commission,

Digitally Signed By:Thomas M. Colclough
06/09/2022

Thomas M. Colclough
District Director

To: +17574416720
Page: 2 of 5
2022-04-18 15:27:02 GMT
12025808479
From: Office Admin

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 437-2022-00827 |

Virginia Office of Civil Rights                                   and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Sade Hood | 407-747-5772 | 09/01/94 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 2732 Pane Avenue #3 | Petersburg, VA, 23805 | |
| | Email Address | |
| | Slh182129@yahoo.com | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Wawa | 15+ | 804-862-3551 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3199 S. Crater Road | Petersburg, VA, 23805 | |
| | Email Address | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Wawa Corporate Headquarters | | 1-800-444-9292 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 260 W. Baltimore Pike | Media, PA, 19063 | |
| | Email Address | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (*Specify*)  Pregnancy

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| July, 2021 | Oct 4, 2021 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s):*)

**See Attachment A.**

I am represented by counsel in this matter. All correspondence should be directed to my attorney, Ivey Best, at
The Spiggle Law Firm, 3601 Eisenhower Ave., Suite 425, Alexandria, VA 22304, ibest@spigglelaw.com.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the above is true and correct.

SIGNATURE OF COMPLAINANT

| 4/18/2022 | Sade Hood |
|---|---|
| Date | Charging Party Signature |

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

# CHARGE OF DISCRIMINATION – EXHIBIT A

My name is Sade Hood. I am a twenty-seven (27) year old woman. I was hired by Wawa as a Customer Service Associate in August 2019. I worked at the Wawa convenience store in Petersburg, Virginia from August 2019 until October 4, 2021. I was forced to resign from Wawa because the company refused to abide by my pregnancy-related medical restrictions or grant my pregnancy-related accommodation requests in violation of the Pregnancy Discrimination Act ("PDA"); Title VII of the Civil Rights Act of 1964 ("Title VII"); and the Americans with Disabilities Act ("ADA").

As a Customer Service Associate, I was responsible for all general duties in the store, including working behind the cash register, cleaning the store and bathrooms, restocking merchandise, assisting customers, and working in the deli/food service station in the store. I never received any write-ups, warnings, or other reprimands regarding work performance. I received two raises in recognition for my outstanding work performance. In August 2020, Wawa increased my hourly rate from $12.50 to $13.77 and in July 2021, Wawa increased my hourly rate from $13.77 to $14.15.

I learned I was pregnant with my youngest son in July 2021. I visited my obstetrician, Dr. Pringle, who informed me I could not safely work in the deli inside the store. The deli has a waist-high countertop which pressed on my stomach. I was unable to reach for items at the back of the counter without digging my stomach very hard into the deli counter. Wawa would not provide me with a step stool or other equipment which I could use to reach the back of the deli counter. In July 2021, I requested that Wawa accommodate me by reassigning my deli duties to someone else in the store. I was still able to perform other duties, including working the cash register. I submitted an official request for accommodation and medical certification from Dr. Pringle. I printed Dr. Pringle's note and gave a physical copy to my store manager. I also emailed a copy to Wawa corporate. I followed this process with all three (3) medical accommodation requests I submitted.

In July 2021, after I requested a medical accommodation Wawa began retaliating against me by cutting my hours. I previously worked forty (40) hours per week. If I ever called out sick due to my pregnancy, Wawa would cut my hours for the following week to 20-30 hours per week.

1

To: +17574416720   Page: 4 of 5   2022-04-18 15:27:02 GMT   12023795173   From: Office Admin

I complained to the Assistant General Manager, Toran, that Wawa had not granted my request to be moved from the deli and was cutting my hours. Toran claimed that he spoke to the store manager Mr. Roberts about my accommodation requests; however, Mr. J.T. Roberts never did anything to respond to or grant my accommodation requests.

On August 24, 2021, I called Wawa corporate to complain that Wawa refused to grant my pregnancy-related accommodation requests. I was told that someone from Wawa would reach out to me to address my complaints, but no one from Wawa ever followed up on my complaints. After I called corporate to complain, the store manager, Mr. Roberts, retaliated against me by kicking me out of the beverage station. The beverage station was one of the places I could work in the store and still abide by all my medical accommodations. Outside the beverage station, I was forced to use harsh chemicals or lift heavy boxes which my doctor certified I should not do.

On September 1, 2021, I submitted a second request for a pregnancy-related accommodation. Dr. Pringle certified that I should not lift anything over 30 pounds while less than 20 weeks pregnant. After the 20-week milestone, I could not lift anything over 20 pounds. Wawa did not abide by this medical restriction. Wawa continued to require me to lift boxes of products, cigarettes, and register supplies which weighed approximately 30-40 pounds.

Dr. Pringle also certified that I required at least a ten (10) minute break every two hours and access to water and bathroom breaks when needed. Wawa's policy is that employees should get at least two, fifteen (15) minute breaks every shift. However, my shift manager, Jerica Jones, did not permit me to take breaks. My non-pregnant co-workers were permitted to take breaks when they wanted or needed to, but I was forced to work through my shifts without breaks.

On September 30, 2021, I submitted my third request for a pregnancy-related medical accommodation. Dr. Pringle reiterated my requests for lifting and break accommodations and also added that I could not work with toxic and harmful chemicals such as Pristene bowl cleaner, Kleen floor solution, or foam sanitizers. Wawa did not grant my medical accommodation requests and continued to require me to work with harmful and toxic chemicals, despite Dr. Pringle's certification that these chemicals should be avoided.

After I requested medical accommodations and complained to corporate, my shift manager Jerica Jones began retaliating against me. Ms. Jones allowed my co-workers to make fun of me at work or make nasty comments about me. Ms. Jones also allowed other non-pregnant workers to pick and choose which job duties they wanted to complete, but required me to complete job duties

2

which violated my accommodation requests (such as working at the deli and cleaning the bathroom). Trameka Fields, Bruce Kreemer, and Shequita Meade were non-pregnant employees. Ms. Jones allowed Ms. Fields, Mr. Kreemer, and Ms. Meade to choose if they wanted to clean bathrooms or work at the deli counter but did not offer me this option. I complained to the store manager, Mr. Roberts, about Ms. Jones' refusal to abide by my medical restrictions and grant my accommodation requests, but Mr. Roberts did nothing to remedy my complaints or get me the pregnancy-related accommodations I needed.

It should be noted that I was pregnant with my second daughter during late 2020 and early 2021, while working at Wawa. At that time however, I was supervised by a different person. During this time period, Ms. Jones was also pregnant and we were both afforded the accommodations we needed. However, during my 2021-2022 pregnancy with my son, Ms. Jones was not pregnant and she was my direct supervisor. Because Ms. Jones might be forced to complete additional duties if she granted my accommodation requests (such as cleaning the bathrooms), Ms. Jones retaliated against me for my accommodation requests and complaints. Further, Ms. Jones compared my accommodation requests to those she had sought during her pregnancy. If I requested anything Ms. Jones did not request, she denied those requests and retaliated against me.

I was forced to resign from Wawa on October 4, 2021 because Wawa continued to endanger the life of my unborn child by denying me breaks, requiring me to lift heavy objects, and requiring me to use harmful chemicals while cleaning bathrooms. I was unemployed from October 2021 to March 2022. My son was born, healthy, at the end of February 2022.

3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Norfolk Local Office**

Federal Building
200 Granby St., Suite 739
Norfolk, VA 23510
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Direct Dial: (757) 600-4720
FAX (757) 441-6720
Website: www.eeoc.gov

DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed Dismissal and Notice of Rights (Notice) and a copy of the charge you filed. The EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate you have not downloaded the Notice from the Portal. For your convenience, a copy of the Notice is enclosed with this letter.

Sincerely,

Norberto Rosa-Ramos
Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Norfolk Local Office**

Federal Building
200 Granby St., Suite 739
Norfolk, VA 23510
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Direct Dial: (757) 600-4720
FAX (757) 441-6720
Website: www.eeoc.gov

DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed
Dismissal and Notice of Rights (Notice) and a copy of the charge you filed. The EEOC sent you
an email notification that EEOC had made a decision regarding the above-referenced charge and
advised you to download a copy of the decision document from the Portal. Our records indicate
you have not downloaded the Notice from the Portal. For your convenience, a copy of the
Notice is enclosed with this letter.

Sincerely,

Norberto Rosa-Ramos
Director

## FACTS

1.      On August 1, 2019, Wawa hired me as a Customer Service Associate at the S. Crater Road, Petersburg, Virginia store.

2.      As a Customer Service Associate, I worked the cash register, prepared food for customers at the deli and beverage food service stations, restocked merchandise, and cleaned the store and its public restrooms.

3.      During 2021, I mostly worked the night shift.

4.      My direct supervisor on the night shift was mainly Ms. Jerica Jones unless she was scheduled off Lamon or Pedro.

5.      In July 2021, I learned I was high risk pregnant with my fourth child.

6.      One of my many tasks as a Customer Service Associate was working the deli station. The deli station had a stomach-height counter with important items at the back of the counter. I could not reach the back of the counter without jamming my stomach into the counter.

7.      Wawa refused to provide me with a step stool or other equipment I could use to reach the back of the counter.

8.      On July 19, 2021, I requested Wawa accommodate me by allowing me to stop working the deli food service station, since working the deli required me to press my stomach into the counter.

9.      I obtained a note from my obstetrician, Dr. Tamara Pringle, stating that I should not be required to work the deli station for this harmful reason.

1

10.   I emailed a copy of Dr. Pringle's note to Wawa corporate and printed a copy of Dr. Pringle's note which I directly handed to my in-store supervisors.

11.   After receiving my request for accommodation, management reduced my pay by decreasing the number of hours I worked per week from thirty-four (34) to twenty-four (24).

12.   For over thirty (30) days, Wawa did not respond to my accommodation request.

13.   Wawa never offered me a temporary accommodation while whomever directed to review it, reviewed my accommodation request.

14.   Around August 24, 2021, I called Wawa's corporate office to complain that it had been over thirty (30) days since I requested a reasonable accommodation and no one from Wawa had discussed my request with me or offered me any permanent or temporary accommodation.

15.   No one from Wawa corporate ever followed up with me about my complaint.

16.   Around two days later, on August 26, 2021, Wawa permitted me to be exempt from working the deli station, but also prevented me from working at the beverage station.

17.    The beverage station was one area in the store I could safely work. By removing me from this station, I was limited to operating the cash register, restocking, and cleaning.

18.    As part of my restocking and cash register duties, Wawa required me to lift boxes of product, cigarettes, and register supplies weighing 30-40 pounds.

19.    Wawa also required me to work for several hours continuously without any water or bathroom breaks.

20.    I obtained a note from Dr. Pringle dictating that I should be allowed a 10 minute break every two hours and should not lift anything heavier than twenty (20) pounds after I was twenty (20) weeks pregnant.

21.    As a high risk pregnant woman I shouldn't have had to obtain a note for breaks that's common courtesy.

22.    On September 1, 2021, I requested Wawa accommodate me by allowing me to take ten-minute breaks every two hours and avoid lifting more than twenty pounds. I emailed a copy of Dr. Pringle's note to Wawa corporate and printed a copy which I directly handed to my in-store supervisors.

23.     After receiving my request for accommodations, management reduced my pay by decreasing the number of hours I worked per week from thirty-four (34) to twenty-two (22).

24.     Wawa did not respond to my accommodations requests or offer me a temporary accommodation while they reviewed my request.

25.     Wawa continued to require me to lift boxes of products, cigarettes, and register supplies that weighed approximately 30-40 pounds.

26.     Wawa also continued to deny me breaks to use the bathroom or drink water.

27.     Wawa allowed my non-pregnant formers coworkers to take breaks when they wanted or needed to, but forced me to work through my shift without breaks.

28.     Wawa required me to clean its publicly-accessible restrooms, even though other employees was available to do this task.

29.     These restrooms were often soiled with urine, feces, vomit, blood, and contained drug paraphernalia, like used needles.

30.     To clean the bathrooms, Wawa provided me harsh and toxic chemicals including Pristene bowl cleaner, Kleen floor solution, and foam sanitizers.

31.     I obtained a note from Dr. Pringle dictating that I should not use these harsh and toxic chemicals to clean the bathrooms.

4

32.    On September 30, 2021, I requested that Wawa accommodate me allowing me to avoid cleaning with harsh chemicals again requested that I be able to take ten-minute breaks every two hours and avoid lifting more than twenty pounds. I emailed a copy of Dr. Pringle's note to Wawa corporate and printed a copy which I handed directly to my in-store supervisors.

33.    Wawa did not respond to my lifting, breaks, or chemical accommodations requests or offer me a temporary accommodation while it reviewed my requests.

34.    Wawa continued to require me to lift boxes of products, cigarettes, and register supplies that weighed approximately 30-40 pounds.

35.    Wawa also continued to deny me breaks to use the bathroom or drink water.

36.    Wawa also continued to require me to use harsh chemicals to clean the Wawa bathrooms, including the Pristene bowl cleaner, Kleen floor solution, or foam sanitizers.

37.    Wawa allowed non-pregnant employees, including Trameka Fields, Bruce Kreemer, and Shequita Meade, to pick and choose which job duties they wanted to complete, but required me to perform job duties which violated my requested accommodation requests.

38.   I complained to the Wawa Assistant General Manager, Toran, and the store manager, J.T. Roberts almost every shift about Wawa's refusal to grant my accommodation requests and retaliatory reduction in hours.

39.   Neither Toran nor Mr. Roberts did anything to address my complaints but insisted I had my position confused.

40.   Ms. Jerica Jones compared my pregnancy and accommodation requests to her own and criticized me for requesting accommodations that she did not request when she was pregnant.

41.   Ms. Jones also allowed my former coworkers to make fun of me mock me , and make nasty comments about my accommodation requests and pregnancy.

42.   I was terrified that continuing to lift heavy boxes and use harsh chemicals to clean toxic substances, as well as not being able to drink water and use the restroom as needed, would have an severe impact on my unborn child and cause harm, sickness or death to myself or my unborn child.

43.   On October 4, 2021, Wawa constructively discharged me.

44.   My son was born in February 2022.

## COUNT ONE

**TITLE VII & PREGNANCY DISCRIMINATION ACT**
**DISPARATE TREATMENT**
**42 U.S.C. 2000e, *et seq.***

45.    I incorporate Paragraphs 1 to 43 above.

46.    Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. 2000e-2(a).

47.    The PDA clarified that "the terms 'because of sex' . . . include, but are not limited to, because of . . . pregnancy, childbirth, or related medical conditions." 42 U.S.C. 2000e(k).

48.    Wawa is an employer covered under 42 U.S.C. 2000e(b).

49.    I was an employee of Wawa under 42 U.S.C. 2000e(f).

50.    A plaintiff alleging that the denial of an accommodation constituted disparate treatment under the Pregnancy Discrimination Act may make out a pro se case by showing (1) that I belongs to the protected class, (2) that I sought an accommodation, and (3) that the employer did not accommodate me. *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 229 (2015).

51.    I was a pregnant woman and a member of a protected class.

52.    I requested pregnancy-related accommodations on July 19, 2021, September 1, 2021 and September 30, 2021.

53.    Wawa delayed granting my deli station accommodation for about five (5) weeks.

54.     Wawa did not grant my deli station accommodation until after I called Wawa corporate to complain on August 24, 2021.

55.     Wawa never granted me break, lifting, or chemical accommodation requests.

56.     Wawa allowed non-pregnant coworkers, including Trameka Fields, Bruce Kreemer, and Shequita Meade, to pick and choose their job duties and take breaks when needed.

57.     Wawa did not allow me to pick and choose which job duties I wanted to perform and forced me to lift heavy boxes and use harsh bathroom cleaners.

58.     Wawa retaliated against me for requesting pregnancy-related accommodations by reducing my scheduled hours.

59.     My supervisor criticized me for requesting accommodations and allowed others in the store to criticize me.

60.     Wawa constructively discharged me by refusing to grant my accommodation request, cutting my hours, and putting me and my unborn child's health and life at risk.

61.     As an actual cause of Wawa's conduct, I have suffered physical injury, emotional distress, lost wages, loss of career opportunity, reputational harm, embarrassment, and humiliation.

## COUNT TWO

## TITLE VII AND THE PREGNANCY DISCRIMINATION ACT
## RETALIATION
## 42 U.S.C. 2000e, *et seq.*

62.    I incorporate by reference paragraphs 1 to 43 above.

63.    Title VII prevents retaliation against employees who engage in protected activity or oppose conduct made unlawful by the statute.

64.    I was involved in protected activity by requesting three pregnancy-related accommodations on July 19, 2021, September 1, 2021, and September 30, 2021.

65.    I am against conduct made unlawful under Title VII (pregnancy discrimination) by complaining that Wawa refused to grant me accommodation requests and cut my hours in retaliation for my requests.

66.    I complained to my store manager, the Assistant General Manager, and Wawa corporate.

67.    Immediately after I complained, Wawa cut my hours, reducing my pay.

68.    My supervisor Ms. Jones criticized me for requesting pregnancy-related accommodations.

69.    Wawa constructively discharged me on October 4, 2021.

70.     My requests for accommodation and complaints about Wawa's refusal to accommodate me and reduction in my hours were not fully unrelated to my continued reduction in hours and constructive discharge.

71.     As an actual cause of Wawa's conduct, I have suffered physical injury, emotional distress, lost wages, loss of career opportunity, reputational harm, embarrassment, and humiliation.

## COUNT THREE

### TITLE VII & PREGNANCY DISCRIMINATION ACT
### HOSTILE WORK ENVIRONMENT
### CONSTRUCTIVE DISCHARGE
### 42 U.S.C. 2000e, *et seq.*

72.     I incorporate by reference paragraphs 1 to 43 above.

73.     I was subject to sex and pregnancy based harassment in violation of Title VII and the PDA.

74.     Wawa denied my reasonable accommodation request, forcing me to perform work that endangered my life and the life of my unborn child.

75.     Wawa forced me to lift heavy boxes weighing 30-40 pounds, which could injure or kill my unborn child.

76.     Wawa forced me to clean bathrooms with hazardous substances (including blood and used needles) with harsh and toxic chemicals I was forced to inhale.

10

77.    Wawa denied me breaks to use the restroom or drink water, which could lead to dehydration from failure to ingest the proper amount of fluids.

78.    Wawa denied my requested accommodations and subjected me to these horrible, unethical working conditions because of my sex and pregnancy.

79.    Wawa allowed non-pregnant employees to take breaks and pick and choose which job duties they wanted to perform, but forced me to work without breaks and engage in job duties which risked my health and the health of my unborn child.

80.    Wawa ignored my complaints.

81.    My supervisor criticized me for requesting accommodations and compared her pregnancy to mine. Ms. Jones criticized me for requesting accommodations that she did not request.

82.    Ms. Jones allowed my former coworkers to mock me because of  my pregnancy and accommodation requests.

83.    I was terrified that the dangerous and risky behaviors Wawa forced me to do would result in injury, sickness or death to my unborn child.

84.    The harassment I faced every shift was sufficiently severe or pervasive to effect my job.

85.     Forcing me to perform certain dangerous job duties in violation of my accommodation requests and to punish me for complaining is severe pregnancy-based harassment that effected my job.

86.     I was severely terrified that lifting heavy boxes, working long hours without water and bathroom breaks, and inhaling toxic chemicals while cleaning up used needles, blood, urine, vomit, and feces would cause injury, sickness or death to my unborn child.

87.     Any high risk pregnant woman forced to lift heavy boxes, work long hours without bathroom or water breaks, and inhale toxic chemicals while cleaning up used needles, blood, urine, vomit, and feces in a public restroom would be afraid such actions would cause death to a unborn child.

88.     I was subject to severe or pervasive pregnancy-based harassment that I subjectively felt, and any high risk pregnant woman would have felt, endangered the safety of my unborn child.

89.     I was constructively discharged on October 4, 2021, after Wawa refused to grant my accommodations for months, made fun of me, cut my hours, criticized me for requesting accommodations, refused to respond to my complaints, and continued to force me to perform unsafe job duties.

90.     As an actual cause of Wawa's conduct, I have suffered physical injury, emotional distress, lost wages, loss of career opportunity, reputational harm, embarrassment, and humiliation.

## COUNT IV

### VIRGINIA HUMAN RIGHTS ACT (VHRA) PREGNANCY DISCRIMINATION
### Va. Code Ann. § 2.2-3900, *et seq.*

91.     I incorporate by reference paragraphs 1 to 43 above.

92.     The VHRA prohibits discrimination in employment "because of . . . sex, pregnancy, childbirth or related medical conditions, . . . or disability." § 2.2-3900(b)(2).

93.     At all stated times, Wawa was an employer covered by the VHRA.

94.     At all stated times, I was an employee covered by the VHRA.

95.     I was a high risk pregnant woman and a member of a protected class.

96.     Wawa violated the VHRA by discriminating against me because of my sex and pregnancy.

97.     Wawa refused to grant my pregnancy-related accommodation requests.

98.     Wawa retaliated against me for requesting accommodations by cutting my hours.

13

99.    Wawa forced me to work in conditions which endangered my unborn child.

100.   Wawa never responded to or provided a solution to my complaints that Wawa refused to grant my accommodation requests and cut my hours.

101.   My supervisor compared my pregnancy to her own and criticized me for requesting accommodations.

102.   My supervisor allowed my former coworkers to mock me because of my pregnancy and accommodation requests.

103.   Wawa allowed my non-pregnant peers to pick and choose their job duties and take breaks when they wanted, but did not allow me these privileges.

104.   As an actual cause of Wawa's conduct, I have suffered physical injury, emotional distress, lost wages, loss of career opportunity, reputational harm, embarrassment, and humiliation.

# CERTIFICATE OF SERVICE

**The undersigned hereby certifies that a true copy of the foregoing:**

Amended Complaint

**was hand-delivered _or_ served by first class mail on the** 9th **day of**

November **20** 22 **to the following:**

Amy Michelle Pocklington
Scott Andrew Siegner
901 E Byrd street
Suite 1300
Richmond VA 23219

Sade Hood **[sign]**
Sade Hood **[print]**

**Address:**

2732 Park Ave. 3

Petersburg VA 23805

**Telephone:**

407-747-5772